# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| COURTNEY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:14-CV-306 |
| | ) |
| MARK KILGORE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the response (DE 19) to the show cause order (DE 18) filed by Courtney Johnson, a *pro se* prisoner, on January 28, 2016. For the reasons set forth below, the court: (1) **DISMISSES** this case **WITH PREJUDICE**; (2) **ORDERS** the agency having custody of **Courtney Johnson, IDOC # 191135**, to remit to the clerk of this court all of the money in his inmate trust account AND all of the money deposited into his inmate trust account in the future, until he has paid the current arrearage of $340.28; and (3) **DIRECTS** the clerk to send a copy of this order to each facility where the plaintiff is housed until the filing fee has been paid in full.

DISCUSSION

On December 2, 2014, Courtney Johnson, a *pro se* prisoner, was ordered to immediately pay $35.55 as the initial partial filing fee for this case. More than a year later on January 11, 2016, he had paid only $9.72. So on January 11, 2016, Johnson was ordered to show cause why he had not paid the full amount of the initial partial filing fee in this case. He was ordered to attach a copy of his inmate trust ledger showing every transaction from December 2, 2014, (the date when the filing fee order was issued) to present. He was ordered to remit $25.83 immediately (or 100% of the money in his inmate trust account if he has less than that amount).

In response he sent the Court a letter (DE 19). Johnson did not write that he was or is unable to pay. Rather, he blames the Grant County Jail and the Indiana Department of Correction for not sending the money. It is true that inmates do not have full control over their trust accounts. *Sultan v. Fenoglio*, 775 F.3d 888, 890 (7th Cir. 2015). Nevertheless, Johnson does not mention that he ever made any effort to have the fee paid. Nor does not say he left sufficient funds in his account so that it could be paid. He did write that he would not even try to obtain a copy of his trust fund ledger from the Grant County Jail. He did not attach a copy of his Indiana Department of Correction ledger, and he makes no mention of having tried to obtain one. He did not send any money nor say that

he was going to send any money. In sum, his response is evasive and inadequate.

Nevertheless, the Indiana Department of Correction (IDOC) provided the court a copy of the ledger (DE 22) which Johnson refused to submit. It shows that when he wrote his response (DE 19) on January 24, 2016, he had $38.45 in his account. This demonstrates that he had the money to pay the $25.83 balance of the initial partial filing fee – as he was ordered to do.

The Grant County Jail also provided the Court with a copy of the ledger (DE 23) Johnson refused to submit. Together, these ledgers (DE 22 and 23) show that Johnson received enough money every month (except one) to have paid the balance of the initial partial filing fee. Moreover, they show that if he had made the required monthly installment payments, he would have already paid off the entire $350.00 filing fee.

| Month | Deposits | 20% |
|---|---|---|
| *Initial Partial* |  | $35.55 |
| December 2014 | $227.25 | $45.45 |
| January 2015 | $235.50 | $47.10 |
| February 2015 | $140.25 | $28.05 |
| March 2015 | $73.50 | $14.70 |
| April 2015 | $222.25 | $44.45 |
| May 2015 | $202.25 | $40.45 |
| June 2015 | $44.18 | $8.84 |
| July 2015 | $70.00 | $14.00 |

| August 2015 | $150.56 | $30.11 |
| September 2015 | $11.53 | $2.31 |
| October 2015 | $34.00 | $6.80 |
| November 2015 | $47.50 | $9.50 |
| December 2015 | $89.75 | $17.95 |
| January 2016 | $39.00 | $7.80 |
| | Total | $353.05 |

Based on this record, it is clear that Johnson was consistently able to make filing fee payments but did not do so. This is unlike the inmate in *Sulton* who provided copies of his ledger showing that he did not have the funds to pay the fee. It is also unlike *Sulton* because there the inmate provided proof that he had authorized the prison to pay the fee and had asked his daughter to send the money as well. Rather, this case is like the one envisioned by the court in *Sulton* of the inmate who "was intentionally depleting his trust account to avoid paying his filing fee." *Id.*, 775 F.3d 891. *See also Blakes v. Foutch*, 600 F. App'x 1004, 1005 (7th Cir. 2015) ("The district court gave Blakes ample opportunity to explain his failure to pay, and it did not clearly err in finding Blakes at fault.")

Therefore this case will be dismissed with prejudice because Johnson spent his money on commissary purchases (DE 22 and 23) for months rather than trying to make the required filing fee payments. *See Sultan*, 775 F.3d at 891 ("*See Cosby* [*v. Meadors*], 351 F.3d

[1324,] 1333-34 (affirming dismissal [with prejudice] when prisoner spent funds at prison canteen instead of paying filing fee).")

Nevertheless, Johnson remains obligated to pay the full filing fee because "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Moreover, "[a] prisoner who fails to ensure that the required sum is remitted in one month must make it up later; the statute does not allow deferral past the time when application of the formula would have produced full payment." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). As discussed above, the deferral time as expired and Johnson should have already paid the entire filing fee in full. Thus, the remaining balance of the filing fee is now due immediately, and he must pay 100% of the money deposited into his trust account until this arrearage is paid. Because Johnson is delinquent in paying these fees and because he may no longer defer payment, it is no longer relevant whether he receives ten or more dollars in a month: all of the money in his inmate trust account must be taken to pay the arrearage. *Id.*

CONCLUSION

For the reasons set forth above, the Court: (1) **DISMISSES** this case **WITH PREJUDICE**; (2) **ORDERS** the agency having custody of **Courtney Johnson, IDOC # 191135**, to remit to the clerk of this

court all of the money in his inmate trust account <u>AND</u> all of the money deposited into his inmate trust account in the future, until he has paid the current arrearage of $340.28; and (3) **DIRECTS** the clerk to send a copy of this order to each facility where the plaintiff is housed until the filing fee has been paid in full.

**DATED: February 2, 2016**                    /s/RUDY LOZANO, Judge
                                              **United State District Court**